**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KENNETH L. HUNNEL,

        Plaintiff**,**

**COURT FILE NO.:** 10-CV-2125 JWL/JPO

v.

CALVARY PORTFOLIO SERVICES LLC,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff, Kenneth Hunnel, is a natural person who resides in the City of Leavenworth, County of Leavenworth, State of Kansas.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Calvary Portfolio Services, LLC is a foreign corporation with no listed Kansas resident agent, operating from an address of 7 Skyline Drive, 3rd Floor, New York, New York 10532.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

10. The Account was allegedly not paid and it went into default with the creditor.

11. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12. In the year prior to the filing of the instant action, the Plaintiff received communications from representatives, and/or agents of the Defendant who were attempting to collect the Account. These telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

13.   Defendant continued to direct its agents and/or representatives to collect the account after it had been settled with Defendant, falsely representing the character, amount and legal status of the debt, in violation of 11 U.S.C. 1692e.

14.   The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

15.   The Defendant and its representatives, employees and/or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d.

17.   The Defendant and its representatives, employees and/or agents above listed statements and actions involve constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f.

18.   The Defendant's actions as well as that of its representatives, employees and/or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

19.   The Defendant's actions as well as that of its representatives, employees and/or agents were willful, wanton and malicious violations of the FDCPA.

20.   As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

21.    The representatives and/or collectors at the Defendant were employees of and

agents for the Defendant, were acting within the course and scope of their

employment at the time of the incidents complained of herein and were under the

direct supervision and control of the Defendant at all times mentioned herein.

22.    The actions of the representatives and/or collectors at the Defendant are imputed

to their employer, the Defendant.

23.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered

the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

24.    The previous paragraphs are incorporated into this Count as if set forth in full.

25.    The acts and omissions of the Defendant and its representatives, employees

and/or agents constitute numerous and multiple violations of the FDCPA, 15.

U.S.C. 1692 et. Seq.

26.    The Defendant's violations are multiple, willful and intentional. Pursuant to

FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 USC § 1692k(a)(1).

2.    Statutory damages under 15 USC § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF